UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

March 24, 2021

Nathan Ochsner, Clerk

| | |
|---|---|
| MDK Sociedad de Responsabilidad Limitada, | § §§ |
| Plaintiff, | § § |
| *versus* | § §  Civil Action H-18-485 |
| Proplant, Inc., (Texas), *et al.*, | § § |
| Defendants. | § § |

## Opinion on Summary Judgment

1.     *Background.*

On October 11, 2016, Proplant, Inc., gave MDK Sociedad de Responsabilidad Limitada a contract for MDK to do subcontracting work for Proplant on a venture in Bolivia. MDK never signed this contract.

On December 13, 2016, after further discussions, Proplant and MDK signed a procurement contract where they would work together on completing a bid for a project in Bolivia for Yacimientos Petroliferos Fiscales Bolivianos.

On January 9, 2017, after an initial bidding process failed, Yacimientos started a second round of bidding.

On January 19, 2017, Proplant rebid.

In March 2017, Yacimientos selected Proplant's bid. A meeting to review the proposed contract followed, and Yacimientos agreed to make changes to the contract. Before the revised contract could be signed by the parties, Yacimientos abandoned the bid and signed with a different company.

On February 16, 2018, MDK sued Proplant for: (a) breach of contract, (b) negligent misrepresentation, (c) fraud in the inducement, and (d) common law fraud. Proplant has moved for summary judgment saying that it did not breach the contract because a condition was not met, or, in the alternative, it was excused from performing. Proplant will prevail.

2.      *Breach of Contract.*

To succeed on a breach of contract claim, MDK must show that: (a) a valid contract existed, (b) MDK performed or tendered performance, (c) Proplant breached, and (d) MDK suffered damages as a result.[1]

The October 11, 2016, agreement was not signed by both parties and did not create a valid contract. No contract existed, so MDK's breach of contract claim for this first agreement fails.

The December 13, 2016, agreement was signed by the parties, so it was valid. MDK says that Proplant breached the contract when it did not give Yacimientos the contract bond and various documents and that it did not return the bid bond after Yacimientos deserted the bid. MDK argues that Proplant was obliged to do this under the contract because Yacimientos awarded Proplant the project on March 22, 2017.

MDK seems to confuse Proplant's bid being selected with it being awarded. Yacimientos may have selected Proplant's bid as the winning bid, but it would not be officially awarded until Proplant and Yacimientos finalized the terms with a signed contract. The court would not expect Proplant to hold itself liable for further costs without a future commitment in place. Yacimientos deserted the bid – for whatever reason – before it signed a contract with Proplant, so the bid was never awarded. Since the bid being awarded was a condition precedent to Proplant's obligations under the contract, it did not breach the contract by not doing what MDK alleges.

Because a condition precedent in the contract was not met, MDK's breach of contract claim fails for want of a contract.

3.      *Negligent Misrepresentation, Fraud, and Fraud in the Inducement.*

To succeed on a negligent misrepresentation claim, MDK must show that (a) Proplant represented false information in its course of business (b) while not

---

[1] *Tyco Valves & Controls, L.P. v. Colorado*, 365 S.W.3d 750, 772 (Tex. App.—Houston [1st Dist.] 2012).

exercising reasonable care in getting or communicating the information that (c) MDK justifiably relied on and (d) suffered a loss.[2]

To succeed on a fraud claim, MDK must show that: (a) Proplant made a false, material representation, (b) that was knowingly or recklessly false, (c) Proplant intended to induce MDK to act upon that representation, (d) MDK justifiably relied on the representation, and (e) MDK was injured as a consequence of its reliance.[3]

MDK gives no facts to show a false misrepresentation by Proplant and no evidence to show Proplant's mental state. Vague assertions and legal conclusions are wholly insufficient. These claims are over-pleaded and under-supported.

Because MDK cannot show a false representation or Proplant's intentions, its negligent misrepresentation, fraud, and fraud in the inducement claims fail.

4.      *Conclusion.*

Because MDK Sociedad de Responsibilidad Limitada cannot show that Proplant breached the contract or that it made a false misrepresentation, it will take nothing from Proplant, Inc.


Signed on March **24**, 2021, at Houston, Texas.


_____
Lynn N. Hughes
United States District Judge


---

[2] *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653-54 (Tex. 2018).

[3] *Barrow-Shaver Resources Company v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019).