| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

United States District Court
Southern District of Texas
**ENTERED**
March 24, 2021
Nathan Ochsner, Clerk

MDK Sociedad de Responsabilidad Limitada,

    Plaintiff,

versus

Proplant, Inc., (Texas), et al.,

    Defendants.

Civil Action H-18-485

## Opinion on Dismissal

1. *Background.*

On December 13, 2016, Proplant, Inc., and MDK Sociedad de Responsabilidad Limitada signed a procurement contract where they would work together on completing a bid for a project in Bolivia for Yacimientos Petrolíferos Fiscales Bolivianos.

On January 9, 2017, after an initial bidding process failed, Yacimientos started a second round of bidding.

On January 19, 2017, Proplant rebid.

In March 2017, Yacimientos selected Proplant's bid. A meeting to review the proposed contract followed, and Yacimientos agreed to make changes to the contract. Before the revised contract could be signed by the parties, Yacimientos abandoned the bid and signed with a different company.

On February 16, 2018, MDK sued Proplant for: (a) breach of contract, (b) negligent misrepresentation, (c) fraud in the inducement, and (d) common law fraud. Proplant countersued for: (a) breach of contract, (b) violating the Texas Deceptive Trade Practices Act, (c) fraud, and (d) fraud in the inducement. MDK has moved to dismiss for failure to state a claim. MDK will prevail.

2. *Breach of Contract.*

To succeed on a breach of contract claim, Proplant must show that: (a) a valid contract existed, (b) Proplant performed or tendered performance, (c) MDK breached, and (d) Proplant suffered damages as a result.[1]

Proplant says that MDK breached the contract by not helping and giving support during the bid process.

Quoting vague language in the contract is inadequate to show that MDK had a contractual obligation. Proplant has pleaded no facts to support its assertion that MDK did not help in the bidding. Merely stating legal conclusions is insufficient.

Because Proplant largely pleads legal conclusions, its breach of contract claim fails.

3. *Texas Deceptive Trade Practices Act.*

Because there was no breach of the contract, Proplant's extra-contractual claim under the DTPA also fails as a matter of law. This claim is over-pleaded and under-documented. This case concerns a foreign business deal that went sour, and both sides are trying to find someone to blame for it because they cannot get to Yacimientos in Bolivia.

4. *Fraud and Fraud in the Inducement.*

To survive a motion to dismiss on a fraud claim, Proplant must allege facts that can adequately show that: (a) MDK made a false, material representation, (b) that was knowingly or recklessly false, (c) MDK intended to induce Proplant to act upon that representation, (d) Proplant justifiably relied

---

[1] *Tyco Valves & Controls, L.P. v. Colorado*, 365 S.W.3d 750, 772 (Tex. App.—Houston [1st Dist.] 2012).

on the representation, and (e) Proplant was injured.[2] Proplant must comply with federal rule 9(b) by pleading with particularity the circumstances that constitute fraud.

Proplant alleges that MDK said that the risk of bidding with Yacimientos was low because of its "special knowledge of Bolivia" and that MDK could assure the bid would be selected. Proplant says it relied on this when it contracted with MDK.

If accepted as true, these alleged misrepresentations would be of future facts not present facts and would not be fraud. Proplant has not pleaded particular facts to support its fraud claims. It cannot say when the statements were made or the specifics of the alleged misrepresentations. It gives no facts to show they were false or facts to show it relied on them. Just listing legal conclusion after legal conclusion will not work and is not particular by any stretch of the imagination.

Because Proplant has not adequately pleaded particular facts to show fraud, its fraud and fraud in the inducement claims fail.

5.  *Conclusion.*

Because Proplant, Inc., has not pleaded adequate facts to support its claims, it will take nothing from MDK Sociedad de Responsabilidad Limitada.

Signed on March 24, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] *Barrow-Shaver Resources Company v. Carrizo Oil & Gas, Inc.,* 590 S.W.3d 471, 496 (Tex. 2019).